**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001299
12-SEP-2017
08:14 AM**

NO. CAAP-14-0001299

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

CARMELITA ELENA TAGORDA, Plaintiff-Appellant, v.
ORLANDO ARCE TAGORDA, Defendant-Appellee

APPEAL FROM THE FAMILY COURT OF THE SECOND CIRCUIT
(FC-D NO. 7558)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Leonard, JJ.)

Plaintiff-Appellant Carmelita Elena Tagorda, *pro se*, (Wife) appeals from the Family Court of the Second Circuit's[1] (Family Court) (1) June 25, 2014 Order on Plaintiff's Motion for Post-Decree Relief filed May 19, 2014 (Order Denying Post-Decree Relief)[2] and the (2) October 13, 2014 "Order On Plaintiff's Motion to Vacate June 25th, 2014 Order on Plaintiff's Motion for Post Decree Relief Filed May 19, 2014 Pursuant to Rule 60(B)(6) of Hawaii Rules of Civil Procedure [sic]" (Rule 60(b) Order).

On appeal, Wife argues that the Family Court erred when it ruled (1) there was no conflict of interest nor any appearance of impartiality and (2) that Wife should have brought her concern

---

[1] The Honorable Lloyd A. Poelman presided.

[2] Wife's appeal from the Order Denying Post-Decree Relief is untimely as her notice of appeal was filed more than thirty days after the Order was filed without a timely tolling motion or extension of time. Hawaiʻi Rules of Appellate Procedure (HRAP) Rule 4(a).

Wife acknowledges in her opening brief that this court "is not ruling on the alleged 'errors' made" by the Family Court in its Order Denying Post-Decree Relief.

to the Court's attention during the June 24, 2014[3] hearing.

After due consideration of the issues raised and arguments made by Wife,[4] and a careful review of the record and applicable authority, we resolve Wife's points on appeal as follows and affirm.

A trial court's denial of a motion under Hawai'i Family Court Rules (HFCR) Rule 60(b) is reviewed for abuse of discretion. De Mello v. De Mello, 3 Haw. App. 165, 169, 646 P.2d 409, 412 (1982).

> Generally, the family court possesses wide discretion in making its decisions and those decisions will not be set aside unless there is a manifest abuse of discretion. Thus, we will not disturb the family court's decisions on appeal unless the family court disregarded rules or principles of law or practice to the substantial detriment of a party litigant and its decision clearly exceeded the bounds of reason.

In re Jane Doe, 95 Hawai'i 183, 189-90, 20 P.3d 616, 622-23 (2001) (citations, internal quotation marks, brackets, and ellipsis omitted).

Disqualification of or recusal by a judge is governed by Hawaii Revised Statutes (HRS) § 601-7 (2016)[5] and the Hawai'i

---

[3]    Wife's identification of the hearing date in her opening brief appears to be a typographical error.

[4]    Defendant-Appellee Orlando Arce Tagorda (Husband) did not file an answering brief.

[5]    HRS § 601-7 Disqualification of judge; relationship, pecuniary interest, previous judgment, bias or prejudice, provides:

> (a)    No person shall sit as a judge in any case in which:
>
> (1)    The judge's relative by affinity or consanguinity within the third degree is counsel, or interested either as a plaintiff or defendant, or in the issue of which the judge has, either directly or through such relative, a more than de minimis pecuniary interest; or
>
> (2)    The judge has been of counsel or on an appeal from any decision or judgment rendered by the judge;
>
> provided that no interests held by mutual or common funds, the investment or divestment of which are not subject to the direction of the judge, shall be considered pecuniary interests for purposes of this section; and after full disclosure on the record, parties may waive disqualification due to any pecuniary interest.

(continued...)

Revised Code of Judicial Conduct (HRCJC) Rule 2.11.[6]

Wife contends that Judge Poelman should have recused himself because when he was an attorney, he sued Wife for "non-payment of rent" in 2009. Judge Poelman stated that he did not recall filing such collection lawsuits against Wife. Assuming, arguendo, that Judge Poelman was the lawyer in these lawsuits, Wife does not claim that Judge Poelman held a pecuniary interest in these suits for collection of rent or that he participated as a lawyer in this divorce action requiring recusal under HRS § 601-7(a) and/or HRCJC Rule 2.11(6). Nor does Wife explain why

---

[5] (...continued)
   (b) Whenever a party to any suit, action, or proceeding, civil or criminal, makes and files an affidavit that the judge before whom the action or proceeding is to be tried or heard has a personal bias or prejudice either against the party or in favor of any opposite party to the suit, the judge shall be disqualified from proceeding therein. Every such affidavit shall state the facts and the reasons for the belief that bias or prejudice exists and shall be filed before the trial or hearing of the action or proceeding, or good cause shall be shown for the failure to file it within such time. No party shall be entitled in any case to file more than one affidavit; and no affidavit shall be filed unless accompanied by a certificate of counsel of record that the affidavit is made in good faith. Any judge may disqualify oneself by filing with the clerk of the court of which the judge is a judge a certificate that the judge deems oneself unable for any reason to preside with absolute impartiality in the pending suit or action.

[6] HRCJC Rule 2.11 provides, in pertinent part,

   (a) Subject to the rule of necessity, a judge shall disqualify or recuse himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to the following circumstances:

   (1) The judge has a personal bias or prejudice for or against a party or a party's lawyer, or personal knowledge of facts that are in dispute in the proceeding.

   . . . .

   (6) The judge:

   (A) served as a lawyer in the matter in controversy, or was associated with a lawyer who participated substantially as a lawyer in the matter during such association[.]

   For the purposes of the HRCJC, "impartiality" means "absence of bias or prejudice in favor of, or against, particular parties or classes of parties, as well as maintenance of an open mind in considering issues that come or may come before a judge," and "knowledge" means "actual knowledge of the fact in question." See HRCJC Terminology.

mere participation as the lawyer for an adverse party in a different matter, without more, is evidence of bias. Rather, Wife's sole argument seems to be that Judge Poelman was biased against her because the judge's decision to deny her motion for post-decree relief "was so clearly erroneous and disconnected from the factual reality" that Wife could only conclude that it was the result of bias.

However, adverse rulings standing alone are insufficient to establish bias. Kumar v. Kumar, 133 Hawai'i 451, 330 P.3d 389, CAAP-12-0000691 2014 WL 1632111 at *8 (App. Apr. 23, 2014) (mem.) citing State v. Ross, 89 Hawai'i 371, 379, 974 P.2d 11, 19 (1998). Wife does not present a convincing argument that Judge Poelman's decision to deny her requested post-decree relief was unsupported by the facts or the law. We therefore reject Wife's claim of bias as without merit and consequently need not reach her remaining argument.

Based on the foregoing, the October 13, 2014 "Order on Plaintiff's Motion to Vacate June 25th, 2014 Order on Plaintiff's Motion for Post Decree Relief Failed May 19, 2014 Pursuant to Rule 60(b)(6) of Hawaii Rules of Civil Procedure [sic]" entered by the Family Court of the Second Circuit is affirmed.

DATED: Honolulu, Hawai'i, September 12, 2017.

On the briefs:

Carmelita E. Tagorda,
Plaintiff-Appellant, pro se.

Chief Judge

Associate Judge

Associate Judge

4